# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALLEN COVEY, | Case No.  1:25-cv-00477-KES-BAM (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS |
| v. | |
| IBERDEMAJ, *et al.*, | (ECF No. 13) |
| Defendants. | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Charles Allen Covey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's first amended complaint and granted him leave to amend.  (ECF No. 12.)  Plaintiff's second amended complaint (identified as his first amended complaint on the Court's docket), filed February 4, 2026, is currently before the Court for screening.  (ECF No. 13.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations in Second Amended Complaint**

Plaintiff is currently housed at Valley State Prison ("VSP") in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Rame Iberdemaj, physician/surgeon, VSP; and (2) John//Jane Doe 1, Nurse Assistant, VSP.

In Claim 1, Plaintiff asserts a violation of the Eighth Amendment for sexual misconduct/sexual assault during a hernia examination on July 30, 2018. Specifically, Plaintiff alleges:

> Defendant Iberdemaj . . .  had gloves on, with his right hand, 2 fingers touched scar over hernia, pushed inward very hard. I yelled "Ouch! that hurts" as doing a hernia exam, then he took right hand to left lower groin underneath with his 2 fingers pushed upward really hard and harder. I yelled and said, "That hurts, what are you doing? It is like he tried to poke, push his 2 fingers to make a rip a hole on my left side to make a new hernia appear later on? He was on a stooled chair and moved to my right side. I said, "It hurts 45 to 1 hour after I eat where hernia scar is" Then Iberdemaj said "WHAT" as he said that he took his right hand tip of fingers going sideways and flipping, slapping my penis back and forth very fast slapping at on the penis 6 to 8 times. I was startled, shocked, and frighten. I could not move. I did not know what to do? I looked at Iberdemaj's eyes, he also just looked at me with a smile on his face. He said, "Ok your done – get the hell out of here" I was naked from waist down, standing during exam, so then I pulled

up my pants and I left[]. I felt so ashamed, hurt, and feeling numb, Ever since this Sexual Trauma I have nightmares. I told this to CCMS Ms. Young and later I did on camera a video (PREA) with 2 [Sergeants]. I want to be compensated for pain $10,000,000.00 Dollars. This happened on July 30, 2018, approximately time of 12:00 noon to 1:30 pm. Iberdemaj engaged in own sexual gratification, purpose of humiliating, degrading prisoner.

(ECF No. 13 at 3-4.)

Plaintiff further alleges that Defendant John/Jane Doe 1, nurse assistant, was in the exam room at the infirmary with Defendant Iberdemaj. The nurse left the exam room after 7 minutes before Plaintiff was given a hernia exam by Defendant Iberdemaj. Plaintiff does not know why the nurse left the exam room. She knew that she had to present in the exam room while the exam was done. (ECF No. 13 at 4.)

In Claim II, Plaintiff alleges a violation of the Eighth Amendment during a physical examination of his hernia in the lower left groin. Specifically, Plaintiff alleges:

Defendant Rame Iberdemaj . . . did an hernia exam on July 30, 2018, approximately time 12:00 noon to 1:30 pm. Iberdemaj engaged in sexual misconduct in own sexual gratification, purpose of humiliating, degrading, or demeaning the prisoner, me . . . I was in shock and frighten, I could not move, extreme pain in lower left groin underneath, bruising, hard to stand walk; penis red, swelling from slapping by Rame Iberdemaj.

(ECF No. 13 at 4.) He additionally alleges:

Defendant Iberdemaj did the physical examination of hernia in lower right groin; lower left groin. Iberdemaj physician/surgeon sexual assault; sexual misconduct in groin areas in both left and right. Physical right hand of Rame Iberdemaj slapping my penis back and forth eight times of hand sideways. RN Nurse left[ ] exam room and Defendant Iberdemaj did hernia exam. I claim my Eighth Amendment rights for the injuries [inflicted] upon me by Defendant Iberdemaj has done to me during hernia exam of my lower right and left groin. My physical injuries are: loss of sleep with nightmares, when waking up I feel scared, numb, helpless, fearful to go to any next Doctor's appointment in fearing that I going to [be] touched in a sexual way by any physician.

(*Id.* at 5.) Plaintiff claims he has painful, stressful flashbacks. He takes medication for his physical and mental health. He still has pain in the lower left groin. There is bruising and it is hard to sleep on his left side. He had penis surgery to remove the damaged part. (*Id.*)

**III.    Discussion**

Plaintiff's complaint appears to allege time-barred claims. Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of

3

limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. *Douglas*, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a) ("If a person entitled to bring an action, . . ., is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978) (citations omitted). The plaintiff bears the burden to allege facts to support equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

4

While it generally must be raised as an affirmative defense, a time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (explaining claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (indicating failure to comply with applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue.").

Based on the allegations in Plaintiff's amended complaint, it appears that his claims may be time-barred. Plaintiff's claims are predicated on events occurring on July 30, 2018. Plaintiff's claims accrued on that same date, and it is apparent from the face of the complaint that he knew then of the injury that was the basis of his claims. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff's complaint must have been filed no later than July 30, 2022. However, the complaint in this action was signed on April 23, 2025, and filed with the Court on April 25, 2025. Plaintiff makes no allegations to demonstrate that any equitable tolling should apply or to explain the nearly two-year delay in bringing this action. Plaintiff's claims thus appear untimely. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed for failure to comply with the applicable statute of limitations.

**ORDER**

As it appears from the face of the complaint that Plaintiff's claims are time-barred, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause, in writing, why this action should not be dismissed as barred by the statute of limitations; and

///

    2. <u>Failure to comply with this order will result in a recommendation to dismiss this</u>
<u>action</u>.

IT IS SO ORDERED.

    Dated:    **February 9, 2026**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE